BARRY J. PORTMAN
Federal Public Defender
COLLEEN MARTIN
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant JOHNSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-216 LB |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATION AND [PROPOSED]** |
| vs. ) | **ORDER** |
| ) | |
| RORY JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    IT IS HEREBY STIPULATED, by and between the parties to this action, that the STATUS CONFERENCE currently scheduled for May 13, 2010 at 10:00 a.m. before the Honorable Laurel Beeler, be continued to July 15, at 10:00 a.m.

    Mr. Johnson is charged in a one-count information with theft of government property in violation of 18 U.S.C. § 641. In particular, he is alleged to have embezzled Veterans Affairs funds that were payable to his deceased mother. The discovery indicates that the funds were deposited into an account which automatically deducted mortgage payments for his mother's home.

    The parties are in the process of attempting to resolve this matter, but need to develop legal and factual issues relating to restitution. Specifically, counsel for the defendant must

conduct legal research into determine the applicability of 18 U.S.C. § 3663, the Victim and Witness Protection Act of 1982 ["VWPA"] and 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act of 1996 ["MVRA"] to this case. In addition, as a factual matter, the defense needs to determine Mr. Johnson's financial ability to pay restitution, based in part on the resolution of the probate of his mother's estate and his subsequent refinancing of the home he inherited from his mother. If the VWPA applies, Mr. Johnson's economic circumstances are relevant. In addition, Mr. Johnson is in the process of refinancing his home, which has delayed the completion of the defense investigation into Mr. Johnson's financial circumstances. Mr. Johnson has recently completed the probate of his mother's estate, which is a necessary step in the refinancing process. However, the refinancing process is not yet complete. Mr. Johnson has been diligently pursuing the refinance of his home, but requires additional time in order to complete that process. The defense, in turn, needs additional time to fully investigate Mr. Johnson's applicable financial status.

The parties have been informed that Judge Beeler is unavailable on May 13, 2010. Based on the defense need to conduct legal and factual investigation on issues relating to restitution, the parties request that the matter be placed on the Court's calendar on July 15, 2010 for status. Counsel for the defense believes that the legal and factual research and investigation, including completion of the refinancing process, are necessary for adequate preparation of this case, including with respect to the determination of any appropriate restitution order.

The parties further stipulate that the time from the date of this stipulation to July 15, 2010 should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) for adequate preparation of counsel, taking into account due diligence.

DATED:     May 12, 2010                    _____/S/_____
                                           WADE RHYNE
                                           Assistant United States Attorney

DATED:     May 12, 2010                    /S/
                                          COLLEEN MARTIN
                                          Assistant Federal Public Defender
                                          Counsel for Rory Johnson

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

**ORDER**

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the STATUS CONFERENCE currently scheduled for May 13, 2010 at 10:00 a.m. before the Honorable Laurel Beeler, be continued to July 15, 2010, at 10:00 a.m.

IT IS FURTHER ORDERED that the time from the date of this Order to July 15, 2010 be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) for adequate preparation of counsel.  The Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy and public trial and the failure to grant the requested continuance would unreasonably deny counsel the reasonable time necessary for effective preparation, taking into account due diligence.

SO ORDERED.

DATED: May 12, 2010                    _____
                                          LAUREL BEELER
                                          United States Magistrate Judge